UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRELICH SEAFOOD, INC.            CIVIL ACTION

VERSUS                           NO. 06-6056

SCOTTSDALE INSURANCE, CO.        SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs. Based on the record and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a

preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

 The plaintiff attaches to this motion proof that the relevant amount in controversy is less than $65,300, and attaches an affidavit indicating the agreement to stipulate that the total amount of damages recoverable do not exceed $75,000, exclusive of interest and costs, and a waiver to entitlement in excess of that amount, including penalties and attorney's fees.  The defendant's argument is based on the adjuster's estimate of the cost to rebuild the building, but does not address the fact that substantial payment under the separate flood policy has been made toward the same damages.  The defendant presents no other proof that the jurisdictional minimum existed at the relevant time, but argues that the plaintiff has made a claim under La. Rev. Stat. § 22:658 in the amount of $16,325.00.  A reading of the

petition indicates that argument is unsupported, and that the plaintiff has made a claim under La. Rev. Stat. § 22:1220 only, which provides for recovery of actual damages and a penalty in the amount of $5,000 or twice the amount of actual damages for breach of good faith and fair dealing.  No proof as to the amount of actual damages is provided.

Although the case presents a close call on the jurisdictional amount, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that the plaintiff's motion to remand is GRANTED.   This matter is hereby REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 21st  day of November, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE